UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                                    )
JOSEPH ANGIUONI,                    )
                                    )
            Plaintiff,              )
                                    )
            v.                      )    Civil Action No. 11-11661-NMG
                                    )
TOWN OF BILLERICA, et al.,          )
                                    )
            Defendants.             )
_____)
```

REPORT AND RECOMMENDATION ON MOTION FOR LEAVE TO FILE ANSWER LATE
[Docket No. 41]

September 20, 2013

Boal, M.J.

Defendants Town of Billerica and Daniel Rosa (collectively, the "Defendants") have moved for leave to file their answer to the complaint nearly one year after the District Court denied their motion to dismiss. Docket No. 41.[1] Defense counsel states that he "inadvertently forgot" to file the answer after the District Court ruled on the motion to dismiss. See Docket No. 41-1. Plaintiffs do not oppose the late filing of Defendants' answer but request that the District Court strike the Defendants' proposed affirmative defenses. Docket No. 44. The Court finds that the Plaintiff's request to strike the Defendants' affirmative defenses is unwarranted under the circumstances. The Plaintiff has not cited any authority for his request and does not claim any substantial prejudice from Defendants' late answer. In addition, the Defendants have shown

---

[1] The District Court referred the motion to the undersigned on September 11, 2013. Docket No. 42.

-1-

an intent to defend the case on the merits by filing a motion to dismiss and participating in discovery. See, e.g., Hirata v. Ida, No. 10-00084, 2011 WL 3290409, at *3 (D. Hawaii June 14, 2011) (declining to strike affirmative defenses due to untimeliness of answer); Kirola v. City and C'nty of San Francisco, No. 07-3685, 2011 WL 89722, at *3 (N.D. Cal. Jan. 11, 2011) (same). Accordingly, this Court recommends that the District Judge assigned to this case grant Defendants' motion for leave to file their answer late and deny Plaintiff's request to strike the Defendants' affirmative defenses.[2]

---

[2] Because denial of the motion for leave to file a late answer and allowance of the Plaintiff's request to strike the Defendants' affirmative defenses could be dispositive, the Court issues a report and recommendation. Accordingly, any party objecting to this decision must file specific written objections thereto with the Clerk of this Court within 14 days of the party's receipt of this order. See Fed. R. Civ. P. 72(b). The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections. The parties are further advised that the United States Court of Appeals for the First Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. See Phinney v. Wentworth Douglas Hospital, 199 F.3d 1 (1st Cir. 1999); Sunview Condo. Ass'n v. Flexel Int'l, Ltd., 116 F.3d 962 (1st Cir. 1997); Pagano v. Frank, 983 F.2d 343 (1st Cir. 1993).